DAVID DOE *vs.* LIISA DOE & another.[1] March 16, 1987. *Supreme Judicial Court,* Superintendence of inferior courts. *Minor,* Custody.

The defendant appeals from the order of a single justice of this court granting the plaintiff, a resident of New Hampshire, relief pursuant to G. L. c. 211, § 3 (1984 ed.). The facts in the petition which are not in dispute establish that the defendant filed a petition for divorce and custody in New Hampshire. In August, 1985, the plaintiff was denied visitation rights with his child based on allegations of sexual abuse pending investigation by a court-appointed psychologist. The defendant refused to participate in the court-ordered investigation. The New Hampshire court then granted legal custody to the New Hampshire Division of Welfare; temporary physical custody of the child was granted to the plaintiff's sister-in-law.

Just prior to the entry of the New Hampshire court order, the defendant filed for divorce and custody in the Probate and Family Court for Middlesex County. A Probate Court judge determined that the Massachusetts courts should defer to the New Hampshire courts. The Appeals Court affirmed that decision.[2]

---

[1] The Department of Social Services. The department has not appealed from the order of the single justice.

[2] The Appeals Court ordered that the defendant be given time to seek a hearing. The defendant requested the hearing in New Hampshire pursuant to this order, but she failed to appear at the time set for hearing.

Approximately one month later, at the instigation of the defendant, the Department of Social Services sought and was awarded temporary legal custody, see G. L. c. 119, § 26 (1984 ed.), in the Ayer Division of the District Court Department based on the same allegations of sexual abuse which were the subject of the New Hampshire court order. The plaintiff filed his petition pursuant to G. L. c. 211, § 3, seeking a stay or dismissal of the Ayer District Court proceeding. At the hearing, the plaintiff agreed that physical custody of the child should remain with the defendant during the pendency of the proceedings between the parties. The single justice then vacated the order of the temporary custody to the Department of Social Services and stayed the proceedings in the Ayer District Court. The defendant appeals.

The defendant claims that it was an abuse of discretion for the single justice to stay the proceedings because there is an appellate remedy available at the conclusion of c. 119, § 26, proceedings under c. 119, § 27 (1984 ed.). This argument misses the point. A single justice may grant relief to a litigant who "cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980). In this case, the plaintiff says that the normal course of trial and appeal do not provide adequate protection, see *Hadfield* v. *Commonwealth,* 387 Mass. 252, 255 n.2 (1982), because of the delay involved. The appellate process provided by G. L. c. 119, § 27, is not adequate in this circumstance. Another Massachusetts proceeding would result in considerable delay. "Unless proceedings involving the custody of a minor are expedited, they fail to accomplish their purposes. Circumstances may change rapidly, and the harm sought to be avoided may worsen with the passage of time." *Custody of a Minor,* 389 Mass. 755, 764 (1983). In another context, we have said that where a person claims that retrial would violate principles of double jeopardy, relief prior to the second trial pursuant to G. L. c. 211, § 3, is available. See, e.g., *Commonwealth* v. *Chatfield-Taylor, ante* 1, 3; *Berry* v. *Commonwealth,* 393 Mass. 793, 797 (1985); *Jones* v. *Commonwealth,* 379 Mass. 607, 615 (1980).

After the order of the Appeals Court, there was no basis for further proceedings in Massachusetts. Consequently, there was no error and no abuse of discretion in the order of the single justice. The order is affirmed.

*So ordered.*

*Frederic C. Harris* for the defendant.
*Floyd H. Anderson* for the plaintiff.