CARE AND PROTECTION OF EDITH & others.[1]

Suffolk. November 6, 1995. - January 17, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Freedom of speech and press. *Parent and Child*, Care and protection of minor. *Supreme Judicial Court*, Superintendence of inferior courts.

Statement of the constitutional principles governing the consideration of a challenge to a court order restricting a person's speech activities. [705]

An order of a District Court judge entered in a care and protection proceeding seeking to enjoin a parent's speech, without a hearing or factual findings that identified a compelling interest that only the order would serve, was an unlawful restraint on that person's State and Federal constitutional rights to free speech. [705-707]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 24, 1995.

The case was heard by *Lynch*, J.

*Eric S. Maxwell* for the father.

*Rosemary S. Gale*, Assistant Attorney General, for the Department of Social Services.

WILKINS, J. On February 22, 1995, a District Court judge entered an order in a care and protection proceeding directing, among other things, that the father of the children not "discuss any aspect of the ongoing proceedings with any member of the media . . . if it is reasonable to believe that the information communicated will lead to the identity of the subject children."[2] The order replaced an earlier order of the

---

[1] The care and protection proceeding involved five children.

[2] The substance of the order is as follows:

"IT IS HEREBY ORDERED that no party to the above referenced Care & Protection petition shall directly or indirectly release to any member of the media, any photograph or likeness of the children who are the

same general character. The order was entered after the parents had been determined to be unfit, permanent custody had been awarded to the Department of Social Services, and the father had appealed from the adjudication of unfitness.

After failing to obtain a stay of the order pending appeal, the father commenced an action in the single justice session of this court pursuant to G. L. c. 211, § 3 (1994 ed.), challenging the lawfulness of the February 22, 1995, order. He asserted that the order, which had been issued without a hearing or factual findings, was overbroad, vague, and an improper prior restraint on his constitutional rights of free speech under both the State and Federal Constitutions. The father has agreed not to use his children's true names or photographs in dealing with the press, as the order in part provides (see note 2 above), but objects to any restriction on his asserted right to criticize the way that the government handled his children's care and protection proceeding in particular and the way it handles all such proceedings in general. The Department of Social Services (department) was joined as a party defendant, and the District Court Department, originally named as the defendant, has been designated a nominal party.

A single justice of this court held a hearing on the complaint and, without opinion, ordered that the complaint be

subject of this Petition. The term party shall include the Department of Social Services, Father, Mother and the subject Children and each party's attorney, representative, agent or anyone acting on behalf of said party.

"IT IS FURTHER ORDERED that no party to this action shall directly or indirectly release to any member of the media, the names, physical descriptions, ages, dates of birth, former or present addresses of the subject children or any other information or facts that could reasonably lead to their identity. No party shall directly or indirectly release to any member of the media any information pertaining to the children's past or present psychological and/or physical condition if said information could reasonably be associated with the children by one not a party to this proceeding.

"IT IS FURTHER ORDERED that no party to this action shall discuss any aspect of the ongoing proceedings with any member of the media or permit anyone else to discuss such proceedings on his or her behalf and direction if it is reasonable to believe that the information communicated will lead to the identity of the subject children."

"denied." The father appealed. The judgment of the single justice must be vacated and a judgment entered vacating the February 22, 1995, order. That order was a prior restraint on speech that cannot properly be upheld against the father's constitutionally-based challenges.

The constitutional principles that govern our consideration of the challenged order are well established and are not significantly different under art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments than under the First Amendment to the Constitution of the United States. See *Krebiozen Research Found.* v. *Beacon Press, Inc.*, 334 Mass. 86, 96-97, cert. denied, 352 U.S. 848 (1956). An injunction that forbids speech activities is a classic example of a prior restraint. *Alexander* v. *United States*, 509 U.S. 544, 550 (1993). Cf. *Commonwealth* v. *Blanding*, 3 Pick. 304, 313 (1826). Such a restraint presents a serious threat to rights of free speech. *Nebraska Press Ass'n* v. *Stuart*, 427 U.S. 539, 559 (1976). *Near* v. *Minnesota*, 283 U.S. 697, 713-714 (1931). Any attempt to restrain speech must be justified by a compelling State interest to protect against a serious threat of harm. See *Nebraska Press Ass'n* v. *Stuart, supra* at 561, 570; *Organization for a Better Austin* v. *Keefe*, 402 U.S. 415, 419 (1971); *Wood* v. *Georgia*, 370 U.S. 375, 384-385, 391-393 (1962). Any limitation on protected expression must be no greater than is necessary to protect the compelling interest that is asserted as a justification for the restraint. See *Ottaway Newspapers, Inc.* v. *Appeals Court*, 372 Mass. 539, 547-548 (1977); *Commonwealth* v. *Dennis*, 368 Mass. 92, 99 (1975). It is apparent that any order seeking to enjoin speech must be based on detailed findings of fact that (a) identify a compelling interest that the restraint will serve and (b) demonstrate that no reasonable, less restrictive alternative to the order is available.

From what we have said it is clear that the February 22, 1995, order was and is an unlawful prior restraint on the right of the children's father to comment on the judicial proceedings and on the conduct of the department. The depart-

ment has not identified a compelling State interest that needs protection. A general rule that bars any parent from directly or indirectly revealing the names of children subject to a care and protection proceeding will not do. See *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 611 n.27 (1982). There must be evidence and findings as to what effect the disclosure of the names of the particular children will or might have on them. See *id.* at 608; *Commonwealth* v. *Martin*, 417 Mass. 187, 193-194 (1994). In fact, in the course of the care and protection proceeding but before any order restricting disclosure had been entered, the department published the children's names in the newspaper, as a form of notice, in connection with its decision to seek a waiver of the need for the parents' consent to the adoption of the children. Publication of the children's names was not required to give the notice that is required by law. See G. L. c. 210, § 3 (1994 ed.); Uniform Probate Court Practice Xa (3) (1995). There is no finding that the names of the children had to be published in order to give effective notice of the department's decision to have the children adopted. Nor is there any explanation why the department's publication of the children's names did not violate the same "compelling" State interest in confidentiality that the department now asserts against the father.

In short, there are no findings of fact and rulings that demonstrate a compelling State interest that could only be' met by the order entered in this case. We need not decide the merits of the father's claim that the order is vague and overbroad. We do note that what is barred and what is permitted under that order, particularly its third paragraph, is not well defined.

The department argues that the single justice was justified in denying relief because the father could obtain relief from the order in the course of a regular appeal. Even if we assume that there is a right to appeal from the February 22,

1995, order,[3] the existence of a clearly unconstitutional restraint on speech while an appeal is pending is intolerable.[4] Relief should be granted under G. L. c. 211, § 3, when (a) a violation of substantive rights has been shown and (b) the error cannot be remedied by pursuing the ordinary trial and appellate process. See *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 708-709 (1990); *Hadfield* v. *Commonwealth*, 387 Mass. 252, 255 n.2 (1982); *Doe* v. *Doe*, 399 Mass. 1006, 1007 (1987). This is such a case.

The judgment of the single justice is vacated. A judgment shall be entered vacating the District Court order of February 22, 1995, and directing the District Court to enter such order, if any, as may now be appropriate in light of this opinion and current circumstances.

*So ordered.*

---

[3]See G. L. c. 119, §§ 26 & 27 (1994 ed.). Cf. *Parents of Two Minors* v. *Bristol Div. of Juvenile Court Dep't*, 397 Mass. 846, 850 (1986); *Custody of a Minor*, 389 Mass. 755, 763-764 (1983).

[4]The father did not ask this court to stay the February 22, 1995, order pending his appeal to this court.