428 Mass. 309 (1998)                    309

George W. Prescott Publishing Co. *v.* Stoughton Division of the District Court Department.

GEORGE W. PRESCOTT PUBLISHING COMPANY *vs.* STOUGHTON
DIVISION OF THE DISTRICT COURT DEPARTMENT OF THE
TRIAL COURT.

Norfolk. October 9, 1998. - November 3, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Constitutional Law,* Freedom of speech and press. *Criminal Records.*

Discussion of the constitutional principles governing consideration of judicial
orders seeking to enjoin speech. [310-311]
A District Court judge's order restricting newspaper reporting of a criminal
case in a juvenile session, that was not supported by findings of fact and
rulings of law demonstrating any compelling interest to justify the order,
was an unlawful prior restraint on free press requiring that immediate relief
be granted pursuant to G. L. c. 211, § 3. [311-312]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on October 20, 1997.

The case was heard by *Ireland,* J.

*Sarah Chapin Columbia (James C. Heigham & Jerry Canada*
with her) for the plaintiff.

*Brian A. Wilson,* Assistant District Attorney, for the Stough-
ton Division of the District Court Department of the Trial Court.

GREANEY, J. This case concerns restrictions imposed against a
newspaper publisher on access to certain proceedings and rec-
ords in the juvenile session of a District Court. We conclude
that the newspaper should have had the full access that it
requested. Accordingly, we vacate the judgment of a single
justice of this court which denied relief pursuant to G. L. c. 211,
§ 3.

Robert and Andrea L. Berkowitz, both adults, were charged
in complaints in the Stoughton Division of the District Court
under G. L. c. 119, § 63, with contributing to the delinquency
of minors, and, under G. L. c. 138, § 34, with furnishing liquor
to minors. After the Berkowitzes were arraigned, the complaints
were transferred to the juvenile session of the Stoughton District

Court. Representatives of The Patriot Ledger, a daily newspaper of general circulation, sought access to the proceedings in the Berkowitz cases and to related court records. The newspaper's representatives were told that the proceedings were closed to the public and that all court records were sealed.

George W. Prescott Publishing Company (Prescott), the publisher of the newspaper, moved to intervene in the Berkowitz cases to assert a right of access to the court proceedings and to inspect the court records. After a hearing, a judge in the juvenile session entered an order granting the public, including the press, access to the proceedings and to the records in the Berkowitz cases, subject, however, to the following restraints:

> "[1] The George W. Prescott Publishing Company, as publisher of the Patriot Ledger, the media and the public are prohibited from publishing or revealing the name or address of any child who has engaged in any delinquent conduct in connection with the allegations contained within the pending complaints.

> "[2] The George W. Prescott Publishing Company, as publisher of the Patriot Ledger, the media and the public are prohibited from publishing or revealing the name or address of any child who testifies, during the course of any pretrial hearings or the trial, about his or her delinquent conduct in connection with the allegations contained within the pending complaints.

> "[3] The George W. Prescott Publishing Company, as publisher of the Patriot Ledger, the media and the public are prohibited from photographing the face of any child who testifies, during the course of any pretrial hearings or the trial, about his or her delinquent conduct in connection with the allegations contained within the pending complaints."

Prescott filed an amended petition under G. L. c. 211, § 3, for review of these restraints with the single justice, who, after a hearing, denied relief. Prescott appealed from the judgment of the single justice pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), and we granted Prescott the right to pursue its appeal according to the regular appellate process.

"The constitutional principles that govern our consideration

of the challenged order[s] are well established and are not significantly different under art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments than under the First Amendment to the Constitution of the United States. See *Krebiozen Research Found.* v. *Beacon Press, Inc.,* 334 Mass. 86, 96-97, cert. denied, 352 U.S. 848 (1956)." *Care & Protection of Edith,* 421 Mass. 703, 705 (1996). Prior restraints on media reports about criminal proceedings have long been held presumptively unconstitutional. *Cox Broadcasting Corp.* v. *Cohn,* 420 U.S. 469, 492-493 (1975). Any effort to restrict the press must be justified by a compelling State interest to protect against a serious and identified threat of harm. See *Nebraska Press Ass'n* v. *Stuart,* 427 U.S. 539, 559 (1976). Furthermore, "[a]ny limitation on protected expression must be no greater than is necessary to protect the compelling interest that is asserted as a justification for the restraint. See *Ottaway Newspapers, Inc.* v. *Appeals Court,* 372 Mass. 539, 547-548 (1977); *Commonwealth* v. *Dennis,* 368 Mass. 92, 99 (1975). It is apparent that any order seeking to enjoin speech must be based on detailed findings of fact that (a) identify a compelling interest that the restraint will serve and (b) demonstrate that no reasonable, less restrictive alternative to the order is available." *Care & Protection of Edith, supra.* See *Globe Newspaper Co.* v. *Superior Court,* 457 U.S. 596, 606-607 (1982); *Boston Herald, Inc.* v. *Superior Court Dep't of the Trial Court,* 421 Mass. 502, 505-506 (1995). See also *Oklahoma Publ. Co.* v. *District Court,* 430 U.S. 308 (1977) (reversing court order enjoining media from publishing name or photograph of eleven year old boy accused of delinquency by reason of murder).

The judge's order was, and is, an unlawful prior restraint on the press. There is a particularly high burden of justification where, having opened the proceedings and the court records in the Berkowitz cases to the public, the judge sought to restrict the press from reporting fully on the cases. The right of the press could not be abridged in the absence of detailed findings of fact clearly establishing and supporting the criteria set forth above. The judge's decision only alludes to an anticipation that, during "pretrial proceedings . . . the identities of certain children will be mentioned," and that, at trial, "children will be called to testify about their delinquent conduct which was alleg-

edly caused, induced, abetted, encouraged or contributed toward by the [Berkowitzes]." Based on these considerations, the judge restrained and limited the press coverage because "[t]he [L]egislature has enacted several statutory provisions affording children engaged in delinquent conduct protection from public exposure." There are no findings of fact and rulings of law that demonstrate any compelling interest that could be satisfied by the orders. Because the orders are not supported, we need not decide Prescott's additional argument that they are vague and overbroad.[1] The existence of unconstitutional restraints on free press required immediate relief pursuant to G. L. c. 211, § 3. See *Care & Protection of Edith, supra* at 707.

The judgment of the single justice is vacated. A judgment shall be entered vacating the order entered in the juvenile session of the Stoughton District Court on October 16, 1997, and directing that court to enter such order, if any, as may now be appropriate in light of this opinion and current circumstances.[2]

*So ordered.*

---

[1]We also need not decide Prescott's claim that the juvenile session of the District Court did not have authority to conduct criminal trials alleging violations of G. L. c. 138, § 34, in closed session. The charges pertaining to contributing to the delinquency of minors were within the jurisdiction of the Juvenile Court under G. L. c. 119, §§ 63 and 65. We do note, however, the anomaly in a decision holding that cases involving G. L. c. 138, § 34, could be closed to the public and the press if conducted in a juvenile session, while they would be open to the public and press if heard in a regular District Court session.

[2]The judge denied Prescott's motion to stay the proceedings pending appellate review, and Prescott did not seek a stay of the orders, or the proceedings below, while this appeal was pursued.