LAWRENCE P. COSTA *vs.* CAROLYN E. BOVIARD. June 22, 2000. *Supreme Judicial Court*, Appeal from order of single justice, Superintendence of inferior courts.

Lawrence P. Costa (petitioner) appeals pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. The petitioner had sought relief from three orders of a judge in the Probate and Family Court Department. He challenged the fourth paragraph of one of the orders that directs that the parties cease, with certain exceptions, discussion of the underlying proceedings. The second order impounded the entire file in the proceedings, except for that order; and the third order assigned all pending matters in the case to a named Probate and Family Court judge (a related order denied a request for reconsideration).

We treat the three challenged orders as interlocutory for purposes of rule 2:21 (1), and consider whether the petitioner has, as subsection (2) requires, "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." We have reviewed the memorandum filed under rule 2:21 by the petitioner. The petitioner does not offer an analysis of the alternative course presented by G. L. c. 231, § 118, first par.[1] "Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited. The requirement of rule 2:21 (2) has not been met.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Thomas A. Wirtanen* for the petitioner.

---

[1]The petitioner relies extensively on our opinion in *Care & Protection of Edith*, 421 Mass. 703 (1996), which stemmed from an order entered by a District Court judge. General Laws c. 231, § 118, first par., does not encompass interlocutory orders by District Court judges.