WILLIAM BELFAR *vs.* JULIE LIPSETT. August 6, 2003. *Supreme Judicial Court,* Appeal from order of single justice. *Divorce and Separation,* Impoundment order. *Probate Court* Divorce. *Practice, Civil* Impoundment order.

William Belfar appeals from the denial of his petition for relief under G. L. c. 211, § 3, by a single justice of this court. Belfar had sought relief from an impoundment order entered by a judge in the Probate and Family Court. We affirm the judgment of the single justice.

In 2001, Julie Lipsett filed a complaint against Belfar in the Probate and Family Court seeking to modify a New York divorce decree and obtain sole custody of their son. The probate judge, acting on a motion filed by Lipsett, impounded the case file "until further order of this Court," but not beyond ten years. Belfar neither moved to terminate the impoundment order nor sought appellate review of it. In July of 2002, judgment entered ordering that Belfar and Lipsett continue to share joint custody of their son. In October of 2002, Lipsett filed a second complaint for modification. Five months later, the Globe Newspaper Company, Inc. (Boston Globe), moved to terminate the impoundment order.[1] Belfar filed a memorandum purporting to support the Boston Globe's motion, but did not file his own motion to terminate the impoundment order, nor an affidavit, as required under Rule 10 of the Uniform Rules on Impoundment Procedure (2003). The probate judge denied the Boston Globe's motion. Belfar then filed his petition under G. L. c. 211, § 3, purportedly seeking reversal of the denial of the Boston Globe's motion, and seeking termination of the impoundment order itself.[2]

Belfar has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because Lipsett's second action for modification has, apparently, not reached a final judgment,[3] we treat the impoundment order as interlocutory for purposes of S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995). We consider whether Belfar has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Setting aside the question whether Belfar has standing to challenge the denial of the Boston Globe's motion, Belfar never sought relief himself from the impoundment order in the Probate Court. In addition, he has not sought review from a single justice of the Appeals Court through either Rule 12 of the Uniform Rules on Impoundment Procedure[4] or

---

[1]The Boston Globe did not, however, seek to intervene in the case. See *Boston Herald, Inc.* v. *Sharpe,* 432 Mass. 593, 596 n.7 (2000) (Rule 10 of Uniform Rules on Impoundment Procedure [2003] "would seem to require the filing of a motion to intervene where . . . someone not previously determined to be an interested person appears and seeks to modify or terminate the impoundment order").

[2]The Boston Globe purported to join Belfar's request to the single justice, but did not appeal from the single justice's judgment.

[3]Belfar represents that a trial has taken place in the case, but to date has not indicated that final judgment has entered.

[4]We reject Belfar's suggestion that Rule 12 of the Uniform Rules on Impoundment Procedure provides an unfettered choice to seek review by a single justice of the Appeals Court or by a single justice of this court, and conclude that he was required in the first instance to seek review from a single justice of the Appeals Court. See *Boston Herald, Inc.* v. *Sharpe, supra* at 601, citing G. L. c. 211A, § 10 (noting that party who

through a petition under G. L. c. 231, § 118, first par.[5] See *Costa* v. *Boviard*, 431 Mass. 1004, 1005 (2000) (affirming denial of petition filed under G. L. c. 211, § 3, where petitioner failed to seek relief under G. L. c. 231, § 118, first par., from impoundment order). Belfar, therefore, has not met his burden under rule 2:21 (2).

The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Gerald L. Nissenbaum* for the petitioner.

---

sought to challenge impoundment order properly sought review in first instance by single justice of Appeals Court). In any event, Belfar did not seek review by a single justice of this court under rule 12; he sought to invoke the extraordinary superintendence power of this court pursuant to G. L. c. 211, § 3.

[5]We also reject Belfar's assertion that the impoundment order "automatically end[ed]" because the order was not expressly incorporated in the first modification judgment.