KAREEM K. vs. IDA I., 100 Mass. App. Ct. 902

 
 KAREEM K. vs. IDA I. [Note 1]

100 Mass. App. Ct. 902
 March 30, 2022

 

Harassment Prevention. 

 Page 903 

 Evidence, Threat. Libel and Slander. Constitutional Law, Freedom of speech and press.

 The defendant appeals from the extension of a harassment prevention order issued against her under G. L. c. 258E. She argues, among other things, that the extension order was predicated not on three qualifying acts of harassment, but on protected speech. We agree and thus vacate the extension order.

 Background. In the spring of 2021, the defendant and her husband sought legal advice from the plaintiff, an attorney. When the plaintiff later presented his findings, the defendant and her husband expressed displeasure with his work. The representation was then terminated.

 On June 25, 2021, the plaintiff filed a complaint under G. L. c. 258E, with a supporting affidavit, against the defendant only. [Note 2] The affidavit, which we quote verbatim except where indicated, alleged the following acts of harassment: "[t]he defendants [Note 3] were unhappy with our findings and proceeded to go on Facebook and make a public post calling us thiefs [sic] and making up things that did not happen"; "[t]hey then proceeded to call us three times on June 25th, 2021"; "[t]hey proceeded to email our secr[e]tary . . . , as well as copying multiple people on the email"; and "[the defendant's husband] then proceeded to send [the secretary] a [Facebook] message trying to speak with us."

 The same day, the plaintiff appeared at an ex parte hearing in Leominster District Court. Elaborating little on his affidavit, the plaintiff claimed that the defendant committed three or more acts of harassment by "slandering [his] name" on Facebook, sending his secretary e-mail and Facebook messages, and making telephone calls to his office. When the judge asked whether the defendant made any personal threats, the plaintiff replied, "Not so much personal threats, . . . but knowing what I know and her history, . . . I am in fear of this woman." When the judge next asked whether the plaintiff feared that the defendant would "physically harm" him or members of his staff, the plaintiff replied, "Definitely members of my staff." The judge issued a temporary c. 258E order based on this testimony and included the following provision: "No Internet or social media posts, comments or contact with the complaining witness or office staff." He then transferred the case to Worcester District Court, noting that the plaintiff "appear[ed] fairly regularly in this court."

 On July 9, 2021, a judge of the Worcester District Court conducted an extension hearing by videoconference. The plaintiff appeared, but the defendant did not (she says because of lack of notice). The plaintiff again claimed that the defendant committed three or more acts of harassment by "slandering" him on social media and "harassing [his] staff through email, phone calls, as well as stalking them on social media." He further claimed that he "employ[ed] a lot of young ladies . . . , and they were extremely concerned for their safety." Based on this testimony, the judge extended the temporary c. 258E order for one year.

 Discussion. There is no basis in the record on which a c. 258E order could lawfully have issued. "The definition of 'harassment' in c. 258E was crafted by 

 Page 904 

the Legislature to 'exclude constitutionally protected speech,' . . . and to limit the categories of constitutionally unprotected speech that may qualify as 'harassment' to two: 'fighting words' and 'true threats.'" Van Liew v. Stansfield, 474 Mass. 31, 37 (2016), quoting O'Brien v. Borowski, 461 Mass. 415, 425 (2012). Fighting words are not at issue here, and there is no evidence to support the plaintiff's claim that the defendant made a true threat, let alone three. A true threat must "communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. Black, 538 U.S. 343, 359 (2003). Also, to support the issuance of a c. 258E order, the true threat must be intended to cause "fear of physical harm or fear of physical damage to property" and must in fact cause such fear. O'Brien, supra at 427.

 None of the communications identified by the plaintiff qualifies as a true threat, even attributing them all to the defendant, and even assuming, without deciding, that it was proper for the plaintiff to seek an order on behalf of his employees. The plaintiff claimed that the Facebook post was slanderous, not threatening. He offered no detail as to the content of the e-mail and social media messages, nor did he describe what the defendant said when she called his office. Furthermore, the plaintiff admitted at the ex parte hearing that the defendant had not made any threats.

 We take this opportunity to reiterate that, where a c. 258E order is sought on the basis of speech alone, the plaintiff must prove that the speech rose to the level of true threats or fighting words and not merely that it was "harassing, intimidating, or abusive in the colloquial sense." A.R. v. L.C., 93 Mass. App. Ct. 758, 761 (2018). Here, if the plaintiff believed that the defendant defamed him, the proper vehicle for redress was not c. 258E, but an action for defamation. Nor was it proper for the plaintiff to use c. 258E as a means of preventing a former client from contacting his office about an issue related to his representation.

 We note also that, even had the plaintiff proved three qualifying acts, it is doubtful that the scope of the extension order -- which appears to bar the defendant from making Internet or social media posts that reference the plaintiff in any way -- could pass constitutional scrutiny. See Shak v. Shak, 484 Mass. 658, 663 (2020), quoting Care & Protection of Edith, 421 Mass. 703, 705 (1996) ("[a]ny limitation on protected expression must be no greater than is necessary to protect the compelling interest that is asserted as a justification for the restraint"). In light of our ruling, however, we need not resolve that issue or the defendant's other arguments.

 The case is remanded to the District Court for entry of an order vacating and setting aside the extension order and for further actions required by G. L. c. 258E, § 9.

So ordered.

 Karen A. Pickett for the defendant.

 James R. McMahon, III, for the plaintiff.

FOOTNOTES
[Note 1] The parties' names are pseudonyms. 

[Note 2] It appears that the plaintiff originally brought the action against both the defendant and her husband, but later crossed out the husband's name on the complaint. The extension order itself was directed solely to the defendant. 

[Note 3] The affidavit was at odds with the complaint in that it referred to "defendants" in the plural. Likewise, the plaintiff's hearing testimony often did not differentiate between the acts of the defendant and those of her husband. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.