NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1002

E.T.

vs.

J.U.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On August 12, 2021, E.T. applied for a harassment prevention order against J.U.  See G. L. c. 258E.  In an affidavit in support of her application, E.T. stated that J.U. had cropped photos from her Facebook account to create over twenty lewd images and a video of her, some of which "involved extremely sexual conduct."  J.U. sent the photos to several of E.T.'s coworkers, and made numerous comments about her work and potentially reporting her because of her alleged incompetence. E.T. also stated that some of her coworkers had informed her of their concerns regarding J.U.'s obsession with her and E.T. did "not feel safe" because of his obsession.  Lastly, E.T. wrote that J.U. had contacted her children's babysitter, inquiring about what time the babysitter was watching the children and why.

At the hearing, after notice, on E.T.'s application for the order, E.T. and J.U. testified. E.T. and J.U. have known each other for three years because of their employment as emergency medical technicians for the same fire department. They have never worked directly together, but interacted occasionally on duty for emergency calls. E.T. testified that what she wrote in her affidavit was true and showed the judge screenshots of the video that J.U. sent around. J.U. did not send the video to E.T., but E.T. received it from a co-worker. E.T. testified that J.U. never threatened to harm her.

The judge concluded that the evidence was sufficient to issue a harassment prevention order and ordered J.U. to stay away from and have no contact with E.T. and "to take all photos and videos of the plaintiff [offline] and not to post any photos and videos of the plaintiff."

Discussion. On appeal, J.U. argues that the evidence was insufficient to establish "harassment," as defined in G. L. c. 258E, and thus the harassment prevention order was issued in error. When reviewing harassment prevention orders, "we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant had committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property

2

and that [did] in fact cause fear, intimidation, abuse or damage to property'" (citation omitted). Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016). See G. L. c. 258E, § 1. Where, as here, some of the conduct involves speech, that speech must constitute "true threats" or "fighting words" to qualify as an act of harassment. Seney v. Morhy, 467 Mass. 58, 63 (2014). True threats include "direct threats of imminent physical harm" and "words or actions that -- taking into account the context in which they arise -- cause the victim to fear such [imminent physical] harm now or in the future." Van Liew v. Stansfield, 474 Mass. 31, 37 (2016), quoting O'Brien v. Borowksi, 461 Mass. 415, 425 (2012).

Because the judge here did not articulate which of J.U.'s actions constituted the three acts, our review is based on the entirety of the record. See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022).

We turn to the photos and the video. Although they may have been crude and vulgar, they do not qualify as harassment because there is no evidence that J.U. sent them with the intent to cause fear, intimidation, abuse or damage to property or that they in fact caused E.T. to experience fear, intimidation, abuse or damage to property. Furthermore, they did not constitute "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals,"

3

_Kareem K._ v. _Ida I._, 100 Mass. App. Ct. 902, 904 (2022), quoting _Virginia_ v. _Black_, 538 U.S. 343, 359 (2003), or "face-to-face personal insults that are so personally abusive that they are plainly likely to provoke a violent reaction and cause a breach of the peace." _O'Brien_, 461 Mass. 423, citing _Cohen_ v. _California_, 403 U.S. 15, 20 (1971). Thus, creating and distributing the photos and video, as a matter of law, did not constitute acts of harassment, particularly where E.T. informed the judge that J.U. never threatened her with physical harm or put her in fear of serious bodily injury. Cf. _A.S.R._ v. _A.K.A._, 92 Mass. App. Ct. 270, 280 (2017) (though defendant did not threaten immediate harm, communications that were "relentless, carried on over a period of months, and frequently contained explicit references to violence" satisfied definition of "true threat").

Similarly, J.U.'s various statements that he was going to report E.T. to supervisors for incompetence or that he was going to get her in trouble at work, although upsetting to E.T., did not amount to harassment or abuse within the meaning of G. L. c. 258E, § 1. See _O'Brien_, 461 Mass. at 427 ("fear of economic loss, [or] of unfavorable publicity" insufficient to establish harassment for purposes of G. L. c. 258E).

The remaining allegation in E.T.'s affidavit -- that J.U. contacted her children's babysitter to find out what time the

4

babysitter was watching the children and why -- arguably could have qualified as harassment.  But even so, to obtain a harassment prevention order, E.T. had the burden of proving that J.U. committed at least three acts of harassment.  For the reasons we have stated, she did not meet that burden.  While J.U.'s conduct is troubling, we are constrained to conclude that it is not enough to prove harassment under the statute.  General Laws c. 258E was not designed to protect against every type of speech that can lead a reasonable person to be disgusted.  See Gassman, 90 Mass. App. Ct. at 8 ("the term 'harass' has a specific definition in this context, derived from the statute and case law, a definition much more exacting than common usage").

Because the evidence adduced at the hearing failed to satisfy the threshold requirements of G. L. c. 258E, § 1, the harassment prevention order should not have issued and must be vacated.  Moreover, "if a judge vacates a harassment prevention order, law enforcement officials shall destroy 'all record' concerning such order."  Seney, 467 Mass. at 60-61, quoting G. L. c. 258E, § 9.  The case is remanded to the District Court for entry of an order vacating and setting aside the harassment prevention order,

and for further actions as required by G. L. c. 258E, § 9.  See F.K. v. S.C., 481 Mass. 325, 335 (2019).

So ordered.

By the Court (Sacks, Shin &
D'Angelo, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  June 28, 2023.

---

[1] The panelists are listed in order of seniority.