NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-756

E.K.

vs.

J.A.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a harassment prevention order issued against him under G. L. c. 258E (c. 258E order) after a two-party hearing in the District Court.  Although we do not condone the defendant's behavior that is in question, we agree with his argument that the plaintiff did not prove three qualifying acts of harassment and thus vacate the c. 258E order.

At the initial two-party hearing in a c. 258E proceeding, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant committed "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear,

intimidation, abuse or damage to property." G. L. c. 258E, § 1. See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 125-126 (2017). In addition, where, as here, the c. 258E order is predicated on the defendant's speech, the plaintiff must show that the speech falls into the category of either "fighting words" or "true threats." Kareem K. v. Ida I., 100 Mass. App. Ct. 902, 904 (2022). The absence of specific factual findings by the judge will not preclude us from affirming a c. 258E order so long as "we are able to discern a reasonable basis for the order in the judge's rulings." G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

Here, at the conclusion of the hearing, at which the plaintiff and the defendant testified, the judge stated that she was crediting the plaintiff's testimony and issuing the c. 258E order based on a recent Instagram post by the defendant and "the kind of pattern of contact throughout the years." We accept the judge's credibility determination, which is entitled to deference. See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020). Even so, however, we are unable to discern from the record a reasonable basis to support the c. 258E order.

The plaintiff testified at the hearing as follows. In 2015, after dating the defendant for about six months, the plaintiff ended the relationship because the defendant "became verbally and emotionally abusive towards [her]." The defendant

2

"didn't take the break up well" and continued to contact the plaintiff using fake phone numbers and fake social media accounts for approximately one year.  In 2020 the defendant contacted the plaintiff again by using a fake Facebook profile to send her a message.  On April 4, 2025, the plaintiff received a text message from an unknown number; when she replied asking who it was, the defendant identified himself, causing the plaintiff to block the number.  The next day, the plaintiff "received a Facebook friend request from [the defendant] from a newly created Facebook account," causing the plaintiff to block the account.  Then, on April 16, 2025, the plaintiff received a "follow up request on Instagram from [the defendant] from a newly created Instagram account."  As his user name, the defendant used a combination of his and the plaintiff's initials and birthdays.  The "bio" on the account stated, "[J]ust trying to marry my ex and start having kids ASAP.  Ring is in hand.  I just need yours.  Our children should not have had to wait this long to be born."  The defendant also posted screenshots of personal text messages that the plaintiff had sent him in 2015 and pictures from their relationship, "along with intense emotional captions . . . such as I miss my wife and the mother of my kids."  The parties do not have children together.

We will assume without deciding that the Instagram post qualified as a true threat and thus an act of harassment within

3

the meaning of c. 258E.  To be a true threat, a statement must "communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."  Kareem K., 100 Mass. App. Ct. at 904, quoting Virginia v. Black, 538 U.S. 343, 359 (2003).  The plaintiff testified that she took the defendant's statement, "Our children should not have had to wait this long to be born," to be "a threat of rape" because the defendant was "adamant about not only bringing [the plaintiff] back into his life but having children with [her] whether [she] want[s] it or not."  Arguably, the defendant's statement could be interpreted as a true threat, so we will assume that it constituted one act of harassment.

The record does not establish any additional acts of harassment, however.  Although the plaintiff testified that the phone calls and messages that the defendant sent her in 2015 were unwanted, there is no evidence in the record about the content of those communications, and so no basis on which the judge could have found them to be true threats or fighting words.  Likewise, the Facebook message that the defendant sent in 2020 and the text message and Facebook friend request he sent in April 2025 do not qualify as acts of harassment.  The plaintiff submitted screenshots of those messages as exhibits at the hearing, and we see no statement in them that could reasonably be construed as true threats or fighting words.  The

4

same is true for the remaining exhibits in the record appendix and supplemental appendix submitted by the plaintiff, which we have carefully reviewed.

Accordingly, while we do not question the judge's finding that the plaintiff was in fear, we conclude that the evidence was insufficient to establish three acts of harassment under c. 258E. Deciding the appeal on this basis, we need not address the defendant's remaining arguments.[1,2]

The case is remanded to the District Court for entry of an order vacating and setting aside the harassment prevention order and for further actions required by G. L. c. 258E, § 9. See C.E.R., 91 Mass. App. Ct. at 132 n.17.

So ordered.

By the Court (Henry, Shin & Toone, JJ.[3]),

---

[1] We deny the plaintiff's request to dismiss the appeal based on the defendant's alleged failure to serve her with certain documents that he filed through this court's electronic filing system. The defendant asserts that he did make proper service, and, even assuming he did not, the plaintiff has not shown prejudice.

[2] Should the defendant commit additional acts of harassment, nothing in our opinion precludes the plaintiff from availing herself of the protections of c. 258E or possibly, given the parties' past dating relationship, the protection of an order pursuant to G. L. c. 209A. A judge may convert the type of order requested if doing so is appropriate and notice is given. See R.S. v. A.P.B., 95 Mass. App. Ct. 372, 373 n.4 (2019) (no error in converting type of order requested where defendant had notice, did not object to conversion, and suffered no prejudice).

[3] The panelists are listed in order of seniority.

Paul Little

Clerk

Entered:  March 30, 2026.